IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| JAMES A. WILSON, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 14-607-GMS ) |
| CARLETON E. CAREY, SR., et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James A. Wilson ("Wilson"), an inmate at the George W. Hill Correctional Facility, Thornton, Pennsylvania, filed this lawsuit seeking the criminal prosecution of the defendants. (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

Following an investigation that Wilson was selling drugs from a store he co-owned, Wilson was arrested on April 3, 2014, and charged with several offenses.[1] Wilson alleges that excessive force took place during the arrest, he was injured, but was not taken to the hospital for treatment. Wilson filed a citizen complaint regarding the incident and he also filed a civil action in this court, *Wilson v. Miller*, Civ. No. 13-1763-GMS, which is stayed pending the resolution of

---

[1] The court notes that Wilson was indicted in this court, *United States v. Sturgis*, Crim. No. 14-013-RGA and, with several other defendants, charged with conspiracy to possess with the intent to distribute cocaine and possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and § 846. (*See id.* at D.I. 43, 142.) The criminal case remains pending.

Wilson's criminal proceedings. (*Id.* at D.I. 13.) Wilson alleges the defendants violated the federal criminal code, 18 U.S.C. §§ 241 and 242. He seeks a federal investigation of each defendant and the arrest of each defendant, as well as access to discovery materials used in the criminal case.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Wilson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Wilson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Wilson seeks to impose criminal liability upon the defendants pursuant to the criminal statutes upon which he relies. However, he does not have the authority to seek criminal prosecution. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). Therefore, the complaint will be dismissed as legally frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## IV. IN FORMA PAUPERIS STATUS

Wilson was granted *in forma pauperis* status on June 3, 2014. (D.I. 6.) It has come to the court's attention that was error to do so. The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action in forma pauperis if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An

exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

Wilson, while incarcerated in the State of Delaware, filed more than three civil actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: *Wilson v. McKeown*, Civ. No. 00-378-GMS (D. Del. July 24, 2003); *Wilson v. Holman*, Civ. No. 89-035-JJF, (D. Del. Apr. 24, 1989); *Wilson v. Redman*, Civ. No. 85-477-MMS (D. Del. Dec. 13, 1985); *Wilson v. Redman*, Civ. No. 85-275-JLL (D. Del. June 11, 1985); and *Wilson v. Redman*, Civ. No. 84-212-JLL (D. Del. Oct. 22, 1984). Therefore, Wilson may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Based upon the foregoing, Wilson is not excused from the restrictions under § 1915(g), and may not proceed *in forma pauperis*. Hence, he may not proceed in this action without prepayment of fees under § 1915(g). Therefore, the court will revoke Wilson's *in forma pauperis* status. In order to proceed with this complaint, he must pay the full $400.00 filing fee.[2]

---

[2]To date, Wilson has made no payments toward the filing fee as outlined in the June 13, 2014 order that granted him *in forma pauperis* status. (D.I. 6.)

## V. CONCLUSION

For the above reasons, the court will revoke Wilson's status to proceed *in forma pauperis* and will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(A)(b)(1). Amendment of the claim would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

Sept 16, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE